**Electronically Filed
Intermediate Court of Appeals
29491
31-MAY-2012
09:42 AM**

NO. 29491

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CIVIL NO. 05-1-0947**
LON WILLIAMS, Individually and as Personal Representative
of the ESTATE OF ALACIA WILLIAMS, Deceased, Plaintiff-Appellant,
v. MARC HENDERSON; and STATE OF HAWAII, Defendants-Appellees,
and LORRIE ANN MONIZ; CITY AND COUNTY OF HONOLULU; and
DOE DEFENDANTS 1-100, Defendants

and

STATE OF HAWAII, Defendant/Third-Party Plaintiff-Appellee,
v. KARIN R. WILLIAMS; CITY AND COUNTY OF HONOLULU; and
GIRL SCOUT COUNCIL OF HAWAII, Third-Party Defendants-Appellees

**CIVIL NO. 05-1-0846**
ALAN GOTO, individually and as Personal Representative
of the ESTATE OF RYAN GOTO, deceased; DAVID BEGA; and
PAUL JAVIER, Plaintiffs-Appellants, v. MARC HENDERSON;
KARIN R. WILLIAMS; GIRL SCOUT COUNCIL OF HAWAII;
STATE OF HAWAII, Defendants-Appellees

and

LORRIE ANN MONIZ; JOHN DOES 1-10; JANE DOES 1-10; DOE
CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE
GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED
ASSOCIATIONS 1-10, Defendants

and

STATE OF HAWAII, Third-Party Plaintiff-Appellee,
v. CITY AND COUNTY OF HONOLULU, Third-Party Defendant-Appellee

CIVIL NO. 05-1-1045

KARIN WILLIAMS, Plaintiff-Appellant, v. MARC HENDERSON;
STATE OF HAWAII, Defendant-Appellee, and LORRIE ANN MONIZ;
and DOE DEFENDANTS 1-100, Defendants

and

STATE OF HAWAII, Third-Party Plaintiff-Appellee, v.
CITY AND COUNTY OF HONOLULU, Third-Party Defendant-Appellee

CIVIL NO. 05-1-0883

GEORGIE-ANN GOTO, individually and as Guardian of the
Property of BOWEN GOTO, a minor, Plaintiff-Appellant, v.
MARC HENDERSON; KARIN R. WILLIAMS; GIRL SCOUT COUNCIL OF
HAWAII; STATE OF HAWAII, Defendants-Appellees

and

STATE OF HAWAII, Cross-Plaintiff, v. CITY AND COUNTY
OF HONOLULU, Cross-Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 05-1-0947; 05-1-0846; 05-1-1045; 05-1-0883)

SUMMARY DISPOSITION ORDER
(By: Fujise and Leonard, JJ.;
and Nakamura, Chief Judge, dissenting)

Plaintiffs-Appellants Georgie-Ann Goto, individually
and as Guardian of the Property of Bowen Goto, a minor, Alan
Goto, individually and as Personal Representative of the Estate
of Ryan Goto, Deceased, (**Officer Goto**), David Bega, Paul Javier,
Lon Williams, individually and as Personal Representative of the
Estate of Alacia Williams, Deceased, (**Alacia**), and Karin Williams
(**Williams**; collectively, **Plaintiffs**) appeal from the Circuit
Court of the First Circuit's (**Circuit Court's**) Final Judgment,
filed on November 20, 2008.[1] After the completion of a
consolidated non-jury trial on liability in Civil Nos. 05-1-0846-

---

[1] The Honorable Eden Elizabeth Hifo presided.

2

05, 05-1-0883-05, 05-1-0947-05, and 05-1-1045-05, the Final Judgment was entered in favor of the State of Hawai'i (**State**) against all Plaintiffs, with the Circuit Court dismissing all other claims, counterclaims, cross-claims, and third-party claims. Findings of Fact and Conclusions of Law (**FOF/COL**) were entered by the Circuit Court on January 17, 2008.

On appeal, Plaintiffs raise four points of error:

(1) The Circuit Court clearly erred in FOFs 64 through 67, when it found that a properly installed median barrier would have stopped short of the accident location and thus would not have prevented the accident, and therefore erred in concluding, in COL C, that "the State's negligent failure to have installed a median barrier in the vicinity of the accident prior to the subject accident was not a substantial factor in causing the subject accident. Plaintiffs failed to prove legal causation by a preponderance of the evidence."

(2) The Circuit Court clearly erred in FOFs 61, 63, and 64, when it failed to adopt the proper engineering standard, and used an inapposite standard, thereby leading to the court's erroneous conclusion that Plaintiffs failed to prove legal causation by a preponderance of the evidence.

(3) The Circuit Court clearly erred in FOF 66, when it found that the stopping sight distance for 45 mph design speed is 375 feet and is the likely distance that a median barrier would have extended east of the left-turn pocket based upon reasonable and prudent engineering standards.

(4) The Circuit Court abused its discretion in denying Plaintiffs' motions for reconsideration based on the above-referenced errors.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Plaintiffs' contentions as follows:

3

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks and citation omitted); see also, e.g., Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 92, 34 P.3d 16, 22 (2001); State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999); Porter v. Hu, 116 Hawai'i 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007).

Findings of fact are reviewed under the clearly erroneous standard. Bhakta v. Cnty. of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (citations omitted).

> A finding of fact is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed. A finding of fact is also clearly erroneous when the record lacks substantial evidence to support the finding. We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Bremer v. Weeks, 104 Hawai'i 43, 51, 85 P.3d 150, 158 (2004) (citations omitted). Appellate courts review a lower court's conclusions of law de novo. Bhakta v. Cnty. of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (citation omitted). However, "a conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case." Kewalo Ocean Activities v. Ching, 124 Hawai'i 313, 317, 243 P.3d 273, 277 (App. 2010) (citations and brackets omitted).

Motions for reconsideration are reviewed under the abuse of discretion standard. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or

principles of law or practice to the substantial detriment of a party litigant." Id. at 114, 839 P.2d at 26.

It appears from the record of the trial in this case that the challenged FOFs are supported by substantial and credible evidence of sufficient quality and probative value to support the Circuit Court's conclusion, including but not limited to the testimony of the State's engineering expert Richard Ryan, the Hawaii State Uniform Design Manual for Streets and Highways 1980, and applicable American Association of State Highway and Transportation Officials standards. It is clear from the FOFs/COLs that the Circuit Court carefully reviewed, considered, and weighed, *inter alia*, the proffered standards, arguments, and expert testimony presented by both the State and the Plaintiffs. On the challenged issues, however, the court found the Plaintiffs' evidence and arguments to be unpersuasive or not dispositive. Although, as the Circuit Court acknowledged, Plaintiffs presented evidence contrary to the court's findings and conclusions, we are not left with a definite and firm conviction that a mistake has been committed. Further, even after fully and carefully considering Plaintiff's "geometry" argument, which was emphasized and clearly articulated at oral argument, in reviewing the entire evidence, and in light of the applicable burden of proof at trial, we cannot conclude that the Circuit Court clearly erred in this case. Accordingly, we reject Plaintiffs' contentions that the Circuit Court erred in its FOFs/COLS and in entering judgment in favor of the State.

It does not appear that, in their motions for reconsideration, Plaintiffs presented new evidence or arguments not presented and not able to be presented earlier in the case. Thus, the Circuit Court did not err in denying reconsideration. See Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).

For these reasons, the Circuit Court's November 20, 2008 Final Judgment is affirmed.

DATED:  Honolulu, Hawai'i, May 31, 2012.

James T. Leavitt
(Leavitt, Yamane & Soldner)
for Plaintiffs-Appellants in
Civil No. 05-1-0947,
James J. Bickerton
Charles H.Y. Dang
(Bickerton Lee Dang & Sullivan)
for Plaintiffs-Appellants in
Civil No. 05-1-0846,
Charles J. Ferrera
for Plaintiff-Appellant in
Civil No. 05-1-1045, and
Richard Turbin
Rai Saint Chu
for Plaintiff-Appellant in
Civil No. 05-1-0883,
with him on the briefs

Robin M. Kishi
Deputy Attorney General
for Defendant-Appellee
(Caron M. Inagaki, Deputy
Attorney General, with her
on the brief)

Associate Judge

Associate Judge

DISSENTING OPINION BY NAKAMURA, C.J.

I respectfully dissent.

With respect to the proper location of a median barrier, the Circuit Court of the First Circuit (Circuit Court) found that "[s]topping sight distance is the dispositive issue." Citing the testimony of Richard Ryan (Ryan), the State's expert, and a table of stopping sight distances from the State Department of Transportation's design manual, the Circuit Court found:

> 66.  Stopping sight distance for 45 mph design speed is 375 feet (Hawaii Manual Table 4-1 at p. 4-2; Ryan Trial Transcript at 235) and is the likely distance a median barrier would have ended east of the left-turn pocket based upon reasonable and prudent engineering standards.[1]

The Circuit Court therefore found that the "proper installation of a median barrier (with or without cushion) would have terminated 375 feet east of the left-turn pocket and would not have prevented this cross-over accident[,]" in which the Williams' vehicle crossed-over the median between 333 and 357 feet east of the left-turn pocket.  Based on these findings, the Circuit Court concluded that "the State's negligent failure to have installed a median barrier in the vicinity of the accident" was not a substantial factor in causing the cross-over accident "[b]ecause a properly designed, constructed[,] and maintained median barrier would not have extended to the location where the Williams' vehicle crossed the median."

Assuming that stopping sight distance is the appropriate standard ("the dispositive issue" according to the Circuit Court), I believe that the Circuit Court clearly erred in its application of that standard to find that a properly installed median barrier would have ended 375 feet east of the left-turn pocket.  The Circuit Court's finding was based on Ryan's expert testimony.  Ryan opined that a properly installed median barrier would have ended 375 feet east of the left-turn

---

[1] The Circuit Court's reference to the "Hawaii Manual" is to the October 1980 "Uniform Design Manual for Streets and Highways" of the State of Hawai'i, Department of Transportation, and I will use the same abbreviation.

pocket. He based his opinion on stopping sight distance, which he explained was the distance that "permits a person looking at something to perceive, react, and stop a vehicle." Ryan obtained the figure of 375 feet from a table for stopping sight distance using the speed of 45 miles per hour, which was the applicable speed limit in the vicinity of the accident.[2]

However, as Plaintiffs-Appellants argue, the fact that the stopping sight distance for the speed of 45 miles per hour is 375 feet does not mean that the median barrier must terminate 375 feet from the left-turn pocket. This is because, as a matter of geometry, the median barrier (installed in the middle of the 24-foot median strip) could extend closer to the left-turn pocket without obstructing the line of sight between the westbound driver and the eastbound driver turning left from the left-turn pocket. In other words, the 375-foot stopping sight distance could still be maintained (with both drivers having an unobstructed view of each other) even if the median barrier was extended closer to the left-turn pocket than 375 feet.

This was demonstrated during Ryan's cross-examination, when he was asked to draw on Plaintiffs' Exhibit 222 (a to-scale engineering drawing of the accident scene) a line of sight between a westbound vehicle 375 feet away from the left-turn pocket and a vehicle in the left-turn pocket. The line of sight drawn by Ryan on Exhibit 222 crossed the center of the median strip (1) at a point much closer than 375 feet from the left-turn pocket and (2) at a point closer to the left-turn pocket than the Williams' vehicle had crossed over the median strip during the accident. If a median barrier had been built to this point, it would have extended beyond the location where the Williams' vehicle crossed the median.

_____

[2] Ryan actually testified that the figure he obtained was "376" feet for stopping sight distance at 45 miles per hour from a federal design manual, which was one foot different than the 375 feet derived from Table 4-1 in the Hawaii Manual. The parties used the figures 375 feet and 376 feet interchangeably, and for simplicity, I will use 375 feet.

For these reasons, I believe that the Circuit Court's finding that the "proper installation of a median barrier . . . would have terminated 375 feet east of the left-turn pocket" was clearly erroneous. The Circuit Court's finding was based on Ryan's expert opinion testimony. However, Plaintiffs-Appellants demonstrated that Ryan's expert opinion testimony was defective because Ryan erroneously justified his location of the median barrier based upon a 375-foot stopping sight distance. Because the Circuit Court's conclusion that the State's negligent failure to install a median barrier was not a substantial factor in causing the cross-over accident was based on its clearly erroneous finding that a properly installed median barrier would have terminated 375 feet east of the left-turn pocket, the Circuit Court's conclusion cannot stand. Accordingly, I would vacate the Circuit Court's Final Judgment and remand the case for further proceedings.

Craig H. Nakamura