**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000158
31-MAY-2012
08:16 AM**

NO. CAAP-11-0000158

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SENITA TUIVAILALA, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SPP NO. 10-1-0005(3); CR NO.07-1-0367(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)

Petitioner-Appellant Senita Tuivailala (Tuivailala) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying (1) Motion to Grant Rule 40 Petition, and (2) Petition for Post-Conviction Relief" (Order Denying Rule 40 Petition) that was filed in the Circuit Court of the Second Circuit (Circuit Court) on March 8, 2011.[1] On appeal, Tuivailala contends that the Circuit Court erred in denying his "Petition for Post-Conviction Relief" (Petition), which he filed pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006), without an evidentiary hearing. Tuivailala argues that he does not understand English and therefore his trial counsel provided ineffective assistance by failing to comply with Tuivailala's request for a Tongan interpreter. Tuivailala asserts that

---

[1] The Honorable Joseph E. Cardoza presided.

because he lacked an interpreter, his no contest plea was not entered knowingly or voluntarily. We affirm.

I.

In the underlying criminal case, Tuivailala was charged with first-degree assault (Count 1) and second-degree assault (Count 2). The alleged victim in both counts was Tuivailala's wife. In the midst of a jury trial, Tuivailala decided to plead no contest to the first-degree assault charged in Count 1.[2/]

During the plea colloquy, which was conducted without an interpreter, Tuivailala acknowledged that: (1) he understood English, which he was taught by his wife; (2) he could speak and read in English; (3) he could write in English "[a] little bit"; (4) he understood the Circuit Court's explanation of the various rights he was waiving by pleading no contest and the consequences of his plea; (5) he had no questions regarding what the Circuit Court had discussed with him; and (6) he was certain that he wanted to plead no contest to Count 1. During his allocution at sentencing, Tuivailala spoke at length in English, expressing remorse for his conduct and asking the Circuit Court for leniency, in a manner that was easy to comprehend.

The Circuit Court sentenced Tuivailala to the maximum term of ten years of imprisonment and ordered that this sentence be served consecutively to a sentence imposed in another case. There is no indication in the trial record that Tuivailala raised his alleged inability to understand English with the Circuit Court at any time before the Circuit Court imposed its sentence. Tuivailala did not file a direct appeal from his underlying conviction or sentence.

Tuivailala filed his Petition pursuant to HRPP Rule 40 and was subequently appointed counsel. The Circuit Court held a

---

[2/] Although Tuivailala stated his willingness to plead no contest to both counts, the prosecutor expressed the view that Counts 1 and 2 would merge, and Tuivailala's no contest plea only involved Count 1.

non-evidentiary hearing on Tuivailala's Petition.    At the hearing, the Circuit Court stated:

> At the time of sentencing when Mr. Tuivailala was given the opportunity to address the Court, he presented to the Court a long statement concerning his circumstances in life, . . . [indicating] a very good understanding of the English language as well as the ability to address the Court in English, and in an effective manner.

The Circuit Court further concluded that based on

> the record of this proceeding concerning what occurred at the time of the change of plea, Mr. Tuivailala's ability to proceed without an interpreter and without any complaint about that both at the time of trial, the change of plea, and at sentencing, and his ability to articulate his thoughts, there is no trace of support in the record that would warrant the grant of this petition.

The Circuit Court subsequently issued its written Order Denying Rule 40 Petition.

## II.

We conclude that the Circuit Court did not err in denying Tuivailala's Petition without an evidentiary hearing. Tuivailala's ineffective assistance of counsel claim was premised on his assertion that he does not understand English and thus needed a Tongan interpreter in order to enter a valid no contest plea.

In general, a petitioner is entitled to an evidentiary hearing on his or her claim if the petition alleges facts that if proven would entitle the petitioner to relief.  HRPP Rule 40(f) However, the court may deny a petition without a hearing "if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner."  Id.; see Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).  "Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing."  Dan, 76 Hawai'i at 427, 879 P.2d at 532.

Here, the record conclusively refutes Tuivailala's claim that his inability to understand English prevented him from

entering a knowing and voluntary plea of no contest. Tuivailala not only specifically represented to the Circuit Court that he understood English, but he demonstrated his command of the English language during his lengthy sentencing allocution.

The record plainly establishes that Tuivailala had a sufficient command and understanding of the English language to enter a valid no contest plea.[3] We conclude that the Circuit Court did not err in ruling that Tuivailala's claim for relief was "patently frivolous and without a trace of support in the record" and in denying Tuivailala's Petition without an evidentiary hearing. See Dan, 76 Hawaiʻi at 427, 879 P.2d at 532; Cun-Lara v. State, --- Hawaiʻi ---, ---, 273 P.3d 1227, 1239-40 (2012).[4]

III.

We affirm the Circuit Court's Order Denying Rule 40 Petition.

DATED: Honolulu, Hawaiʻi, May 31, 2012.

On the briefs:

Gerald T. Johnson
for Petitioner-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Alexa Fujise*
Associate Judge

---

[3] We also note that Tuivailala did not allege in the Circuit Court proceedings that but for his trial counsel's alleged ineffective assistance, Tuivailala would not have pleaded no contest to Count 1. Thus, Tuivailala's allegations were insufficient to satisfy the "prejudice" prong of an HRPP Rule 40 ineffective assistance of counsel claim. See Dan, 76 Hawaiʻi at 427-33, 879 P.2d at 532-38.

[4] The Circuit Court denied Tuivailala's Petition on the alternative ground that he waived his claim for relief by failing to file a direct appeal. Given our holding that the Circuit Court properly denied Tuivailala's Petition on the merits, we need not address Tuivailala's contention that the Circuit Court erred in concluding that he had waived his claim for relief.